LABARTHE ET AL., PETITIONERS AND APPELLEES, *v.* NEUMAN, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for the Appointment of a Partitioner.

No. 1414.—Decided April 6, 1916.

PARTITION OF INHERITANCE—HEIRS—DISAGREEMENT—EXECUTOR OR ADMINISTRATOR.—When the heirs are all of age and disagree as to the manner of making the partition, the intention of section 1026 of the Civil Code, as amended February 24, 1906, is to give them the same rights as an administrator or executor has under section 67 of the act relating to special legal proceedings to ask for the appointment of a partitioner in case of disagreement.

ID.—JURISDICTION—DISCRETION OF COURT.—Where parties are before the court

and no line of conduct is distinctly marked out, the court has discretion by virtue of section 36 of the Code of Civil Procedure.

ID.—APPEAL.—According to section 1026 of the Code of Civil Procedure, a decision rendered by a district court in special proceedings for the appointment of a partitioner under section 295 of the Civil Code is appealable because it is final and settles a definite right.

The facts are stated in the opinion.

Messrs. *Gustavo Rodríguez* and *José G. Torres* for the appellant.

Messrs. *Francisco Parra* and *Antonio F. Castro* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees filed a petition in the district court setting up that they were respectively the widow and the two legitimate children of Eduardo Neuman Gandía; that Eduardo Neuman died intestate on September 9, 1913, and that the two legitimate children along with Gustavo and Adela Neuman y Negrón, two acknowledged natural children, were declared the universal heirs of said Eduardo Neuman subject to the usufructuary right of the widow; that the widow and the legitimate children disagreed with the natural children as to the character of the property left, *i. e.*, whether it was ganancial or not; that all the parties were of age and that the petitioners asked that a commissioner (*contador-partidor*) be named to divide or partition. The court first denied the petition, but afterwards reconsidered its action and granted the same and named Luis Yordán Dávila as commissioner. Upon the request of Adela Neuman the order was made final and Adela Neuman appealed. The original idea of the court and the appellant was that only an executor or an administrator could apply for the naming of a commissioner, section 67 of the Law of Special Proceedings providing as follows:

"Whenever any executor or administrator is in possession of all of the estate, and shall have paid or shall have in hand a sufficient amount for the payment of the debts and expenses of administration,

he must apply to the district court for the appointment of a commissioner (*contador-partidor*) to make such partition and division, in case the decedent did not, by his will, appoint such commissioner.''

However, section 1026 of the Civil Code, as amended by the Act of February 24, 1906, provides that:

''If the heirs of age should not agree as to the manner of making the division, they shall be free to enforce their rights in the manner prescribed in the law relating to special legal proceedings, approved March 9, 1905.''

This section is placed among those of Article II, Chapter 6th, Title 3rd, Book 3rd of the Civil Code, said section being entitled ''Division,'' and in this case the ultimate thing that the heirs are asking is a partition and the petitioners say that the heirs cannot agree among themselves as to what property is to be divided. Although the real difference in this case is over what is and what is not ganancial property, yet we think the heirs are placed in the same position by section 1026 of the Civil Code as an executor or administrator. In other words, the intention was to give heirs among themselves the same rights as the administrator of an estate might have, namely, the right in case of a disagreement to ask for the naming of a commissioner. So much being premised, it is evident that the case of *Ex parte Falú and Escalera,* 20 P. R. R. 488, is directly in point. The application there was by an executor but the division between the heirs was confounded with the necessity of distinguishing or separating the conjugal property and a commissioner was named.

The case might perhaps be different if the appellant had shown that there was some need of paying the debts of the decedent or that other acts of administration were necessary, but the record is silent on this point and the presumption is, as the petition states, that nothing more is involved in the case than a division between the heirs after separating the conjugal property from that belonging to Neuman alone.

Appellant likewise alleged that all the property was not

ready to be divided as there was a piece of property in litigation. We doubt whether an executor or administrator would have to suspend a division or partition by reason of a pending suit with regard to a particular piece of property, but in this case the question is over given pieces of property between a widow and heirs with none of the duties of administration involved.

There are some more general considerations. Where parties are before the court and no line of conduct is distinctly marked out, the court has a discretion by virtue of section 36 of the Code of Civil Procedure as follows:

"When jurisdiction is, by this code, or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

We think the court, if not directly authorized, followed the correct mode in this case. We had some doubt as to the right of the parties to have the decision of the district court reviewed on appeal. In the Law of Special Proceedings there is no direct provision for an appeal in a case of this kind. Here the appellants maintain that this was not a matter directly within the Law of Special Proceedings as set out in the Session Laws of 1905, but a special proceeding before the District Court of Ponce to determine the rights of the parties. In other words, the parties, as we have seen, were entitled to relief under section 1026 of the Civil Code, which refers to the Law of Special Proceedings merely as an aid. The proceeding under section 1026 is a special proceeding in itself. The decision in this case was in form final and settled a definite right and hence we think it was appealable under section 295 of the Code of Civil Procedure. As bearing hereon the case of *Mattei* v. *Badillo,* 20 P. R. R. 231, *Olivari* v. *Succession of Ramos,* 20 P. R. R. 96, and *Suc-*

*cessors of Abarca* v. *Central Vannina, ante* p. 526, are applicable.

The order must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.